# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**KEVIN WATERS,**

    Plaintiff,

v.

**TRAIN MASTER BOOZE and BILL MARLETT**,

    Defendants.

Civil Action No. 7:14-CV-161 (HL)

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 7) in which he appears to be asking the Court to re-open his case. The Court had earlier dismissed Plaintiff's case without prejudice for failure to prosecute after he failed to comply with the Court's order to let it know whether he had hired an attorney or, if he had not, if he wished to proceed *pro se*. In his motion, Plaintiff relates that he did call the Court, although he evidently did not leave a message. The Court accepts this explanation but cautions Plaintiff that in the future he will be expected to actually communicate with the Court, not merely attempt to do so. Given Plaintiff's desire to continue with this case *pro se*, the motion for reconsideration is granted, and the clerk of court is directed to re-open this case.

The Court now takes up Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. 2). Plaintiff's motion is granted, although he must amend his

complaint. Motions to proceed IFP are subject to the standard set by 28 U.S.C. § 1915(a), which states:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP, "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Although a litigant does not have to prove he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Id.

Plaintiff satisfies the Court that he is sufficiently impecunious to warrant allowing him to prosecute his case at the taxpayers' expense. Plaintiff's affidavit in support of the IFP motion indicates that his typical take-home pay each week is $230. Even though Plaintiff does not have any dependents, the Court doubts whether this meager income will allow him to pay the court costs and fees of this case and still provide the basic necessities for himself.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, 364 F.3d 1305, 1306 n. 2 (11th Cir. 2004).

If a court awards IFP status to a party, it is required to review the complaint to determine if it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If a complaint is deficient in any of these ways, the plaintiff must be given an opportunity to amend his complaint. Kristi Kleaners, 364 F.3d at 1308, n. 7.

Plaintiff must refile his complaint because it fails to state a claim upon which relief may be granted and seeks damages from individuals who are evidently immune from such relief. Plaintiff has sued "Train Master Booze/Bill Marlett" under Title VII of the Civil Rights Act of 1964 ("Title VII") for being terminated from his employment. However, the complaint fails to state who Plaintiff's employer was at the time of the termination; when and where the termination occurred; how "Train Master Booze/Bill Marlett" were involved in the termination; how the termination violated Title VII, i.e., was it based on Plaintiff's sex or race, in retaliation for his having engaged in some activity protected by that statute, or all of these things; what Plaintiff's race is; who "Mr. Cox" and "Mr. Smith" are and precisely how their actions violated Title VII; and the mailing addresses for the defendants. Among many other reasons, the complaint must supply these answers because a Title VII claim may only be pursued against a

3

plaintiff's employer, not the employees who made the termination decision. See Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995).

Therefore, Plaintiff's Motion for Reconsideration and Motion to Proceed IFP are granted. However, he is ordered to amend his complaint to supply the information as stated herein not later than February 13, 2015. Plaintiff's failure to amend his complaint by that date will subject his case to being dismissed for failure to prosecute.

**SO ORDERED**, this the 23rd day of January, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr